**BLUMENTHAL, NORDREHAUG & BHOWMIK LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
  Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

**BUTTERFIELD SCHECHTER LLP**
  Marc S. Schechter (State Bar #116190)
  Corey F. Schechter (State Bar #279964)
10021 Willow Creek Road Suite 200
San Diego, CA 92131
Telephone: (858) 444-2300
Facsimile: (858) 444-2345
Website: www.bsllp.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE STEVENSON, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KNIGHT TRANSPORTATION, INC., a Corporation; KNIGHT TRANSPORTATION, INC. 401(K) PLAN; ADMINISTRATIVE COMMITTEE OF THE KNIGHT TRANSPORTATION, INC. 401(K) PLAN; KNIGHT TRANSPORTATION, INC. CAFETERIA PLAN; ADMINISTRATIVE COMMITTEE OF THE KNIGHT TRANSPORTATION, INC. CAFETERIA PLAN; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:17-CV-02337<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. DECLARATORY RELIEF UNDER ERISA;<br><br>2. INJUNCTIVE RELIEF;<br><br>3. CLAIM FOR BENEFITS UNDER ERISA §502(a)(1)(B);<br><br>4. BREACH OF FIDUCIARY DUTY UNDER ERISA §§ 409, 502(a)(2) and (3), 404, and 405; and<br><br>5. CLAIM TO ENJOIN ACTS OR PRACTICES IN VIOLATION OF ERISA AND FOR OTHER APPROPRIATE RELIEF UNDER ERISA §502(a)(3). |

Plaintiff Ronnie Stevenson ("Plaintiff"), an individual, on behalf of himself and all others similarly situated, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

### SUMMARY OF THE ACTION

1.    Congress enacted the Employee Retirement Income Security Act ("ERISA") to provide basic protections for employees with respect to employee benefits plans offered by their employers.  See 29 U.S.C. §1001(a).  Congress explicitly found that the protections in ERISA were necessary because many employees, despite years of employment, were losing their anticipated retirement benefits because their employers' plans lacked vesting provisions. *Id.*

2.    The Defendants in this case (collectively referred to as "Defendants") engaged in a scheme to undermine ERISA's protections, including its vesting requirements, and deny or otherwise limit benefits the law requires.  Plaintiff brings this class action complaint, on behalf of himself and all others similarly situated, to end Defendants' illegal and abusive practices.

3.    Plaintiff brings this action as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), defined as all individuals who worked for Defendant Knight Transportation, Inc. ("Knight" or "KTI") in the United States as truck drivers and who were classified by KTI as independent contractors ("Truck Drivers" or the "Class") beginning on the date established by the Court's determination of any applicable statute of limitations, after consideration of any tolling and accrual issues, and ending on a date determined by the Court (the "Class Period").

4.    Knight has employed thousands of  Truck Drivers across the country to provide transportation services on behalf of Knight.

5.    Knight promises its Truck Drivers that it will treat them as "independent contractors," extolling the virtues of, and the rewards that come with,

1   business ownership.

2       6.    But Knight never honors its promise of independence because

3   it retains a right to exercise control over the manner and means by which the Truck

4   Drivers conduct every material aspect of their business.

5       7.    For example, Knight requires that its Truck Drivers exclusively

6   transport goods for Knight only and exclusively controls pick-up and delivery locations.

7   Knight also controls compensation and the routes the Truck Drivers must take when

8   delivering goods for Knight.

9       8.    Regardless of how Knight characterizes its relationship with its

10   Truck Drivers, it hires them as at-will employees for an unlimited duration, giving both

11   Knight and its Truck Drivers the ability to terminate the employment relationship at any

12   time.

13       9.    As a result of misclassification and improper characterization of its Truck

14   Drivers as "independent contractors," the company fails to provide its Truck Drivers the

15   same retirement, health, and other benefits it provides to all its other employees pursuant

16   to several employee pension and welfare benefit plans–specifically, the Knight

17   Transportation, Inc. 401(k) Plan and the Knight Transportation, Inc. Cafeteria Plan–

18   established under and governed by ERISA (collectively, the "Knight Plans").

19       10.    By misclassifying its Truck Drivers as "independent contractors" rather

20   than employees, Knight has not only unjustly enriched itself (by avoiding the business

21   costs of extending ERISA-protected benefits to its Truck Drivers), but has also evaded

22   and continues to evade compliance with state and federal laws (including ERISA)

23   governing employee benefit plans.

24       11.    This lawsuit seeks:

25       (A)    A declaration that Plaintiff and Class Members are legal "employees" for

26           all purposes, including, but not limited to ERISA;

27       (B)    A declaration that because Defendants excluded Plaintiff and the Class

28

00334635.WPD

from participating in the Knight Plans, the Knight Plans are not in compliance with ERISA and 26 U.S.C. §410(b), including the minimum coverage requirements;

(C)    Payment to Plaintiff and the Class of all amounts due under the Knight Plans as if they had complied with ERISA;

(D)    An order reforming the Knight Plans to include Plaintiff and the Class and to comply with ERISA and 26 U.S.C. §410(b), including the minimum coverage requirements, and requiring Knight to pay restitution in the form of a surcharge or otherwise credit Plaintiff and Class Members for all ERISA benefits to which they are retroactively entitled under the Knight Plans in order to be made whole and to prevent Knight's unjust enrichment;

(E)    An injunction barring Knight from continuing to misclassify the Class as "independent contractors" rather than "employees";

(F)    Removal of all fiduciaries of the Knight Plans found to have breached their fiduciary duties under ERISA, and for the appointment of successor fiduciaries pursuant to Plaintiff's selection and the court's approval; and

(G)    A permanent injunction enjoining the ERISA fiduciary-Defendants from serving as ERISA fiduciaries in the future.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over the ERISA claims under 29 U.S.C. §1132(e)(1) and over all other non-ERISA claims asserted in this action under 28 U.S.C. §1367. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2) as the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and at least one member of the class is a citizen of a state different from Defendant.

13.    This Court is a proper venue under 28 U.S.C. §1391(b)(2) because a

00334635.WPD

1    substantial part of the events or omissions giving rise to the claims asserted in this

2    complaint occurred in the judicial district; to wit, the benefits owed under ERISA were

3    earned, due and owing to Plaintiff in this judicial district, which is where the Plaintiff

4    was employed. This Court is also a proper venue under 29 U.S.C. §1332(e)(2) because

5    the breaches of the Plan took place in this judicial district; to wit, Defendant failed to

6    properly classify Plaintiff in this district as an "employee" and refused to extend to him

7    ERISA benefits despite Plaintiff's employment in this district.

8

9    **PARTIES**

10        14.    Plaintiff Ronnie Stevenson was, during the relevant period, a Truck Driver

11    for Knight who resides in Adelanto, California.  From September of 2016 to the present,

12    Plaintiff worked for Knight as a Truck Driver and was classified as an independent

13    contractor and was not entitled to benefits under the Knight Plans.

14        15.    Defendant Knight Transportation, Inc. ("Knight" or "KTI") is an Arizona

15    corporation with its principal place of business located at 20002 N. 19th Ave., Phoenix,

16    AZ 85024. For purposes of the Knight Plans, KTI is the employer (as defined in ERISA

17    §3(5), 29 U.S.C. §1002(5)), the plan sponsor (as defined in ERISA 3(16)(B), 29 U.S.C.

18    §3(16)(B)), and the administrator (as defined in ERISA §3(16)(A), 29 U.S.C.

19    §1002(16)(A)).  As such, KTI is a fiduciary to the Knight Plans under ERISA with the

20    authority and duty to administer each of the Knight Plans in accordance with their

21    respective terms, the Internal Revenue Code ("IRC") and ERISA.

22        16.    Defendant Knight Transportation, Inc. 401(k) Plan is an employee benefit

23    plan as defined in 29 U.S.C. §1002(3) that is both sponsored and administered by KTI.

24        17.    Defendant Administrative Committee of the Knight Transportation, Inc.

25    401(k) Plan is an additional administrative body, appointed by KTI in its capacity as

26    employer, plan sponsor and/or administrator of the Knight Transportation, Inc. 401(k)

27    Plan, with the authority and duty to administer the Knight Transportation, Inc. 401(k)

28

00334635.WPD

Plan in accordance with its terms, the IRC and ERISA. It is a fiduciary to the Knight Transportation, Inc. 401(k) Plan under ERISA.

18.    Defendant Knight Transportation, Inc. Cafeteria Plan is an employee benefit plan as defined in 29 U.S.C. §1002(3) that is sponsored and administered by KTI.

19.    Defendant Administrative Committee of the Knight Transportation, Inc. Cafeteria Plan is an additional administrative body, appointed by KTI in its capacity as employer, plan sponsor and/or administrator of the Knight Transportation, Inc. Cafeteria Plan, with the authority and duty to administer the Knight Transportation, Inc. Cafeteria Plan in accordance with its terms, the IRC and ERISA. It is a fiduciary to the Knight Transportation, Inc. Cafeteria Plan under ERISA.

20.    Defendants Knight Transportation, Inc. 401(k) Plan and Knight Transportation, Inc. Cafeteria Plan are referred to collectively as "Knight Benefit Plan Defendants" throughout this complaint, unless specifically referred to by name.

21.    At all relevant times, Knight was engaged in transportation services in the United States, including the State of California.

## FACTS
### Knight Treats Its Trucks Drivers as "Employees"
### and Not "Independent Contractors"

22.    Knight employs thousands of Truck Drivers to exclusively transport goods on Knight's behalf.  Defendant also employs Truck Drivers that Defendant correctly classifies as employees who are entitled to benefits under the Knight Plans.  There are no material differences between the manner and method in which Knight controls the persons they employ as employee Truck Drivers and the persons they employ as independent contractor Truck Drivers except that Knight deprives the independent contractor Truck Drivers of receiving their benefits under the Knight Plans.

23.    Each Knight Truck Driver working as an independent contractor

00334635.WPD

must sign the Knight Independent Contractor Agreement (the "Agreement") as a mandatory condition of employment. A true and correct copy of the Agreement for Plaintiff is attached hereto as Exhibit A.[1] The Agreements for all other class members are the same in all material respects to Exhibit A.

24. The terms of the Agreement between each member of the Class and Knight are the same in all material respects, and the Agreement for Plaintiff is representative of the Agreements between Knight and each member of the Class. Each Agreement contains statements purporting to classify Plaintiff and Class Members as independent contractors.

25. The Agreement is, and at all relevant times has been, a contract of adhesion, drafted exclusively by Knight, who gives Plaintiff and other Class Members no opportunity to negotiate or change any terms and who requires Plaintiff and other Class Members to sign the Agreement as presented by Knight as a condition of employment.

26. Not only is the Agreement a contract of adhesion, but Knight refuses to honor the Agreement to treat Plaintiff and other Class Members as "independent contractors."

27. When Plaintiff and Class Members do not follow a Knight policy or procedure, whether disclosed or undisclosed, known or unknown, Plaintiff and Class Members were subject to discipline by Knight, including termination of the Agreement/employment.

28. At all times relevant, Knight asserted control over virtually all aspects of Plaintiff's and Class Members' work.

29. To perform their job duties, Plaintiff and the other Class Members performed work subject to the control of KTI in that KTI had the authority to exercise

---

[1] Pages 3-4 of Plaintiff Stevenson's "Independent Contractor Operating Agreement" (Exhibit A) are not included. These pages were not attached to the copy provided to Plaintiff Stevenson.

00334635.WPD

1   complete control over the work performed and the manner and means in which the work

2   was performed.  KTI provided the loads that were transported by Plaintiff and other

3   Class Members, and KTI provided the routes to be driven and the destination for the

4   loads assigned to Plaintiff and other Class Members.  KTI controlled both the work

5   performed and the manner and means in which Plaintiff and the other Class Members

6   performed their work in that:

7          (a)     Plaintiff and other Class Members were not involved in a distinct

8   business, but instead were provided with instructions as to how to perform their work

9   and the manner and means in which the work was to be performed by means of KTI's

10   manuals and written instructions;

11          (b)     Plaintiff and other Class Members were continuously provided with

12   training and supervision, and received training from KTI as to how and in what way to

13   transport loads assigned to them by KTI in that no prior advanced skill or training other

14   than training by KTI was required to obtain this job;

15          (c)     KTI set the requirements as to what final results were expected in

16   regards to the transportation services performed by Plaintiff and other Class Members

17   and KTI implemented methods for Plaintiff and other Class Members to follow in order

18   to obtain KTI's desired results;

19          (d)     Plaintiff and other Class Members had no opportunity for profit or

20   loss because KTI only paid these employees based on the amount of miles they drove for

21   KTI and KTI controlled the particular load assignments Plaintiff and other Class

22   Members conducted on KTI's behalf.  Importantly, KTI did not allow Plaintiff and other

23   Class Members to use their trucks for any personal reasons and KTI also prohibited

24   Plaintiff and other Class Members from using these trucks to transport loads for any

25   other company besides KTI.

26          (e)     Plaintiff and other Class Members performed transportation services

27   which is part of KTI's principal business and is closely integrated with and essential to

28   the employer's business of providing transportation services to their customers;

00334635.WPD

(f)    Plaintiff and other Class Members performed their work in a particular order and sequence in accordance with KTI's company policy;

(g)    KTI had the "right" to control every critical aspect of KTI's daily transportation operations in that KTI provided the customer, the haul, the route, and instructions to Plaintiff and other Class Members as to where to deliver the haul and deadlines for delivery.  Plaintiff and other Class Members delivered loads only to KTI's customers, which KTI controlled; and

(h)    Plaintiff and other Class Members were required by Defendant to place the company's logo on both the truck and the trailer while Plaintiff and other Class members were employed by KTI.

30.    As a result, stripped of all the legal fictions and artificial barriers to an honest classification of the relationship between Plaintiff and all the other Class Members on the one hand, and KTI on the other hand, Plaintiff and all the other Class Members are and were employees of KTI and not independent contractors of KTI and should therefore be properly classified as employees.

**Truck Drivers Are Improperly Excluded From Participation**
**In the Knight Plans**

31.    At all times relevant, Knight and its independent contractor Truck Drivers enjoyed a continuing employment relationship unlimited in time period where both Knight and its independent contractor Truck Drivers had the right to terminate the employment relationship.

32.    As a result of Defendants' misclassification of these workers as independent contractors, Plaintiff and the Class Members were deprived of the rights and protections guaranteed by state and federal law to employees, including their rights under ERISA.

33.    Knight provides benefits to current employees through the Knight Plans. Specifically, Knight provides to current employees the Knight Transporation, Inc. 401(k)

Plan and the Knight Transportation, Inc. Cafeteria Plan, both of which are employee benefit plans subject to and governed by ERISA.

34.   All of KTI's employees are eligible to participate in the Knight Plans so long as they satisfy any applicable age and length-of-service requirements.

35.   Plaintiff and the Class members, had they been properly recognized as employees during their terms of service, would or could have been Participants and therefore have claims for vested benefits under ERISA.

36.   By their mischaracterization of Plaintiff and Class Members as "independent contractors," however, Knight, the Knight Employee Benefit Plan Defendants, the Administrative Committee of the Knight Transportation, Inc. 401(k) Plan, and the Administrative Committee of the Knight Transportation, Inc. Cafeteria Plan have systematically excluded Plaintiff and Class Members from the definition of an "employee" covered by the Knight Plans and eligibility to participate in the Knight Plans, thereby denying Plaintiff and Class Members benefits they are entitled to receive.

37.   Defendants' conduct is exactly the type of conduct Congress intended to remedy by enacting ERISA and Plaintiff and Class Members are individuals entitled to ERISA's protections.

**It Is Futile For Plaintiff And The Class To Exhaust**
**Administrative Remedies, If Any**

38.   Knight has in the past maintained that its Truck Drivers, Plaintiff and the Class, were independent contractors even when Truck Drivers challenged that designation.

39.   Indeed, Knight has taken the position in previous litigation against former independent contractor Truck Drivers that certain Labor Code provisions are inapplicable to current and former Truck Drivers such as Plaintiff and the Class because no employment relationship existed and they were independent contractors.

40.     Accordingly, to the extent Plaintiff's claims are construed to be directed to the interpretation of the Knight Plans and not their legality, and to the extent any administrative remedies were available, it would have been futile for Plaintiff and the Class to pursue them.

## THE CLASS

41.     Plaintiff brings this action as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), defined as all individuals who worked for KTI in the United States as truck drivers and who were classified by KTI as independent contractors ("Truck Drivers" or the "Class") beginning on the date established by the Court's determination of any applicable statute of limitations, after consideration of any tolling and accrual issues, and ending on a date determined by the Court (the "Class Period").

42.     The "Class Period" is the time period beginning on the date established by the Court's determination of any applicable statute of limitations, after consideration of any tolling and accrual issues, and ending on a date as determiend by the Court.

43.     Subject to additional information obtained through further investigation and discovery, the Class definition may be expanded or narrowed by amendment or amended complaint.  Specifically excluded from the Class are Defendants and their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint-venturers, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or their officers and/or directors, or any of them, the Judge assigned to this action, and any member of the Judge's immediate family.

44.     Knight, as a matter of corporate policy, practice and procedure, intentionally, knowingly, wilfully and systematically classified Plaintiff and the other Class Members as independent contractors.

45.     Knight maintains records from which the Court can ascertain and identify

by job title each of Defendant's employees who as Class Members have been systematically, intentionally and uniformly misclassified as independent contractors as a matter of KTI's corporate policy, practices and procedures. Plaintiff will seek leave to amend the complaint to include these additional job titles when they have been identified.

46.    The Class is so numerous that joinder of all Class Members is impracticable.

47.    Knight, as a matter of corporate policy, practice and procedure, erroneously classified all Truck Drivers as independent contractors. All Truck Drivers, including Plaintiff, performed the same finite set of tasks and were paid by KTI according to uniform and systematic company procedures. This business practice was uniformly applied to each and every member of the Class, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

48.    Common questions of law and fact exist as to all Class Members and predominate over any questions affecting only individual Class members. These common legal and factual questions, each of which yield a common answer, include, but are not limited to, the following:

    (a)    Whether Plaintiff and Class Members have the requisite independence and discretion of independent contractors;

    (b)    Whether, based on the conduct of KTI, Plaintiff and the Class Members are, as a matter of law, employees;

    (c)    Whether Plaintiff and the Class members are entitled to participate in Knight's benefit plans because they are, in fact, employees;

    (d)    Whether Plaintiff and Class members are entitled to benefits under the various benefit plans Knight extends to all other employees;

    (e)    Whether, if Plaintiff and the Class members are "employees," that these employees represent a significant percentage of the total workforce such that KTI would be required to include them within

00334635.WPD

any employee benefit plan subject to ERISA and offered to all other employees;

(f)     Whether the actions of Defendants are applicable to the Class Members as a whole, entitling Class Members to injunctive relief;

(g)     Whether Plaintiff and the Class Members are entitled to reimbursement for benefits they should have been receiving as employees during their terms of employment, but which they were improperly denied based on Defendants' misclassification of the Class as independent contractors and not employees;

(h)     Whether Plaintiff and Class Members are entitled to reformation of Knight's various benefit plans under ERISA Section 502(a)(3) and corresponding recalculation of benefits improperly withheld by Defendants, in order to comply with ERISA's requirements;

(i)     Whether Plaintiff and Class members are entitled to an accounting of the Knight Benefit Plans surcharging Knight, the Administrative Committee of the Knight Transportation, Inc. 401(k) Plan, and the Administrative Committee of the Knight Transportation, Inc. Cafeteria Plan for their failure to comply with the respective terms of each of the Knight Plans, the IRC and ERISA, thus preventing their unjust enrichment.

49.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     The persons who comprise the Class are so numerous that the joinder of all Class Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the Class and

00334635.WPD

1    will apply uniformly to every Class Member;

2    (c)   The claims of the representative Plaintiff are typical of the claims of

3    each Class Member.   Plaintiff, like all other Class Members was

4    improperly classified as an independent contractor and was thus

5    denied ERISA benefits.   Plaintiff and all other Class Members

6    sustained economic injuries arising from Defendants' violations of

7    the law; and

8    (d)   The representative Plaintiff will fairly and adequately represent and

9    protect the interest of the Class Members, and has retained counsel

10   who are competent and experienced in Class Action litigation.  There

11   are no material conflicts between the claims of the representative

12   Plaintiff and the members of the Class that would make class

13   certification inappropriate.

14   50.   In addition to meeting the statutory prerequisites to a Class Action, this

15   action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2)

16   and/or (3), in that:

17   (a)   Without class certification and determination of declaratory,

18   injunctive, statutory and other legal questions within the class

19   format, prosecution of separate actions by individual Class Members

20   will create the risk of:

21   1)   Inconsistent or varying adjudications with respect to

22   individual members of the Class which would establish

23   incompatible standards of conduct for the parties opposing the

24   Class; or

25   2)   Adjudication with respect to individual members of the Class

26   which would as a practical matter be dispositive of interests of

27   the other members not party to the adjudication or

28

substantially impair or impede their ability to protect their interests.

(b)   Common questions of law and fact predominate as to the Class Members with respect to the practices and violations of law as listed above, and predominate over any question affecting only individual Class Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the Class Members in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual Class Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.   Inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for the Defendants; and/or

B.   Adjudications with respect to individual Class Members would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   The likelihood that a substantial number of individual Class

1                       Members will avoid asserting their legal rights out of fear of

2                       retaliation by Defendants, which may adversely affect an

3                       individual's job with KTI or with a subsequent employer, the

4                       Class Action is the only means to assert their claims through

5                       a representative; and

6          4)    A class action is superior to other available methods for the

7                       fair and efficient adjudication of this litigation because class

8                       treatment will obviate the need for unduly and unnecessary

9                       duplicative litigation that is likely to result in the absence of

10                     certification of this action pursuant to Fed. R. Civ. Proc.

11                     23(b)(2) and/or (3).

12      51.    This Court should permit this action to be maintained as a Class Action

13  pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

14         (a)   The questions of law and fact common to the Class Members

15                 predominate over any question affecting only individual Class

16                 Members;

17         (b)   A Class Action is superior to any other available method for the fair

18                 and efficient adjudication of the claims of the members of the Class

19                 because in the context of employment litigation a substantial number

20                 of individual Class Members will avoid asserting their rights

21                 individually out of fear of retaliation or adverse impact on their

22                 employment;

23         (c)   The Class Members are so numerous that it is impractical to bring all

24                 Class Members before the Court;

25         (d)   Plaintiff, and the other Class Members, will not be able to obtain

26                 effective and economic legal redress unless the action is maintained

27                 as a Class Action;

28

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which Defendants' actions have inflicted upon Class Members;

(f)    There is a community of interest in ensuring that the combined assets of Defendants are sufficient to adequately compensate Class Members for the injuries sustained;

(g)    Defendants have acted or refused to act on grounds generally applicable to the Class Members, thereby making final class-wide relief appropriate with respect to the Class Members as a whole;

(h)    The Class Members are readily ascertainable from the business records of KTI; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all ERISA-related claims out of the conduct of Defendants.

## FIRST CAUSE OF ACTION

## DECLARATORY RELIEF UNDER ERISA

### Against all Defendants

52.    Plaintiff, and the other members of the Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

53.    Plaintiff, for himself and on behalf of all Class members, seeks a declaration pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), and 28 U.S.C. §2201 and 2202, of their rights under federal law and KTI's Agreements and plans and the rights and liabilities of the parties herein.  Specifically, Plaintiff, for himself and on behalf of all Class members, seeks a declaration:

1     (A)   That they are "employees";

2     (B)   That Plaintiff and the Class Members are "employees" eligible for benefits

3           under the employee benefit plans KTI offers to other employees;

4     (C)   That certain provisions of the Knight Plans violate ERISA;

5     (D)   That Plaintiff and the Class are entitled to reformation of the contracts and

6           restitution and/or surcharge of benefits improperly withheld by Defendants

7           in order to comply with ERISA's requirements;

8     (E)   As to which of the Defendants are fiduciaries or co-fiduciaries of the

9           Knight Plans within the meaning of ERISA;

10    (F)   That with respect to any Defendants who are not expressly designated as

11          fiduciaries under the operative documents of the Knight Plans, a

12          determination as to their fiduciary status, having acted in a fiduciary

13          capacity under ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), and in so doing

14          are required to comply with ERISA's fiduciary standards;

15    (G)   That Defendants who are fiduciaries or co-fiduciaries of the Knight Plans

16          within the meaning of ERISA have breached their fiduciary duties and

17          violated federal law under the requirements of ERISA, thereby giving rise

18          to direct personal liability; and

19    (H)   That Defendants who have breached their fiduciary duties under ERISA

20          have created individual corporate or personal liabilities.

21    54.   As a result of the actions and failings of Defendants, Plaintiff and the Class

22 members know they have suffered injury and have therefore retained the services of legal

23 counsel and have necessarily incurred attorneys' fees and costs in prosecuting this action.

24 Furthermore, Plaintiff anticipates incurring additional attorneys' fees and costs in

25 prosecuting this action, all in an amount which is currently unknown. Plaintiff therefore

26 requests an award of attorneys' fees and costs in an amount to be determined pursuant

27 to 29 U.S.C. § 1132(g)(1).

28

## SECOND CAUSE OF ACTION

### INJUNCTIVE RELIEF

#### Against all Defendants

55.     Plaintiff, and the other members of the Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

56.     Defendants have been withholding benefits properly due to the independent contractor Truck Drivers for decades.

57.     That practice continues today and has damaged, and is currently damaging, Plaintiff and Class Members.

58.     Plaintiff and Class Members therefore request that this Court issue an injunction prohibiting KTI from continuing to misclassify the Truck Drivers as independent contractors, prohibiting Defendants from continuing to withhold employee benefits from the independent contractor Truck Drivers; prohibiting Defendants from implementing benefit plans which do not comply with ERISA; and ordering Defendants to recalculate and pay benefits under the proper calculation of benefits as provided by ERISA.

59.     Plaintiff and the Class Members seek the removal of all fiduciaries of the Knight Plans and the appointment of successor fiduciaries for each of the Knight Plans pursuant to Plaintiff's selection and the court's approval.

60.     Plaintiff and the Class members additionally seek a permanent injunction enjoining Defendants and fiduciaries who have breached their duties under ERISA from serving as ERISA fiduciaries in the future.

61.     As a result of the actions and failings of Defendants, Plaintiff and the Class members know they have suffered injury and have therefore retained the services of legal counsel and have necessarily incurred attorneys' fees and costs in prosecuting this action. Furthermore, Plaintiff anticipates incurring additional attorneys' fees and costs in prosecuting this action, all in an amount which is currently unknown. Plaintiff therefore

1  requests an award of attorneys' fees and costs in an amount to be determined pursuant
2  to 29 U.S.C. § 1132(g)(1).

3

4                    **THIRD CAUSE OF ACTION**

5          **CLAIM FOR BENEFITS UNDER ERISA §502(a)(1)(B)**

6                    **Against all Defendants**

7      62.    Plaintiff, and the other members of the Class, reallege and incorporate by
8  this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

9      63.    ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), authorizes a
10 participant or beneficiary of a plan to bring a civil action to recover benefits due under
11 the terms of the plan, to enforce his rights under the terms of the plan, and to clarify his
12 rights to future benefits under the plan.

13     64.    Defendant provides an employee pension benefit plan (i.e., the Knight
14 Transportation, Inc. 401(k) Plan) and an employee welfare benefit plan (i.e., the Knight
15 Transportation, Inc. Cafeteria Plan) to current employees, both of which are employee
16 benefit plans subject to and governed by ERISA.

17     65.    The  Knight Transportation, Inc. 401(k) Plan covers substantially all of
18 KTI's employees who have attained age 18 and completed one year of service.

19     66.    All of KTI's employees are eligible to participate in the Knight
20 Transportation, Inc. Cafeteria Plan.

21     67.    As employee benefit plans subject to ERISA, the Knight Plans
22 must comply with 26 U.S.C. §410(b) and §105(h), including the minimum coverage
23 requirements. See also 29 U.S.C. §1202(c) (explicitly incorporating Treasury regulations
24 promulgated under 26 U.S.C. §§410(a), 411 & 412).

25     68.    A plan that fails to comply with the requirements of 26 U.S.C. §410(b)
26 and §105(h), including the minimum coverage requirements, must be brought into
27 retroactive compliance. *See e.g.* 26 C.F.R. § 1.410(b)-8(a)(1)("A plan must satisfy

28

section 410(b) for a plan year...[A]mendments retroactively correcting a plan in accordance with § 1.401(a)(4)-11(g) are taken into account as plan provisions in effect as of the last day of the plan year.").

69.    Relying on their mischaracterization of Plaintiff and Class Members as "independent contractors," however, Defendants have systematically excluded Plaintiff and Class Members from the definition of an "employee" covered by the Knight Plans and eligibility to participate in the Knight Plans.

70.    Plaintiff and Class Members are "employees" under ERISA and the Class represents a significant percentage of KTI's workforce that it had to cover under the terms of the Knight Plans to comply with 26 U.S.C. §410(b) and §105(h), including the minimum coverage requirements.

71.    By excluding Plaintiff and Class members from the definition of an "employee" covered by the Knight Plans, Defendants have, upon information and belief, violated 26 U.S.C. §410(b) and §105(h), including the minimum coverage requirements. Indeed, upon information and belief, the Class represents at least 25% of KTI's workforce.

72.    Defendants' refusal to implement Knight Plans in compliance with ERISA and 26 U.S.C. §410(b) and §105(h), including the minimum coverage requirements, was unlawful.

73.    Defendants' ERISA violations have damaged Plaintiff and the Class, including but not limited to benefits due and owing had the Knight Plans offered to all other current employees complied with ERISA.

74.    Defendants' conduct has caused actual harm to Plaintiff and Class members in an amount to be proven at trial.

75.    29 U.S.C. § 1132(g)(1) [ERISA § 502(g)(1)] entitles plaintiffs who prevail in obtaining any of the benefits for which the plaintiffs brought suit to an award of reasonable attorneys' fees and costs of action under the remedial purposes and policies

of ERISA. As a result of the actions and failings of Defendants, and each of them, Plaintiff and the Class members know themselves and the Knight Plans to have suffered harm and have therefore retained the services of legal counsel and have necessarily incurred attorneys' fees and costs in prosecuting this action. Furthermore, Plaintiff and the Class members anticipate incurring additional attorneys' fees and costs in prosecuting this action, all in an amount which is currently unknown. Plaintiff and the Class members therefore request an award of attorneys' fees and costs in an amount to be determined pursuant to 29 U.S.C. § 1132(g)(1).

**FOURTH CAUSE OF ACTION**

**BREACH OF FIDUCIARY DUTY**

**UNDER ERISA §§ 409, 502(a)(2) and (3). 404, and 405**

**Against Knight, the Administrative Committee of the Knight Transportation, Inc. 401(k) Plan, and the Administrative Committee of the Knight Transportation, Inc. Cafeteria Plan**

76.     Plaintiff, and the other members of the Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

77.     ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires, *inter alia*, that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims, and in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with Title I of ERISA.

78.     ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally

1    liable to make good to the plan any losses to the plan resulting from each such breach,

2    and additionally is subject to such other equitable or remedial relief as the court may

3    deem appropriate, including removal of the fiduciary.

4        79.    ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a participant to bring

5    an action for relief under ERISA § 409, 29 U.S.C. § 1109.

6        80.    ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a participant to bring

7    an action to obtain appropriate equitable relief to enforce the provisions of Title I of

8    ERISA or to enforce the terms of an employee benefit plan.

9        81.    Defendants, and each of them as fiduciaries to the Plan, in one way or

10   another breached their fiduciary duties to the Plan under ERISA. These breaches of

11   fiduciary duties include, but are not limited to, misclassifying employees such as

12   Plaintiff and the Class Members as independent contractors and thereby depriving them

13   of rights and protections afforded them under ERISA, failing to follow the terms of the

14   Knight Plans, and failing to operate and administer the Knight Plans in accordance with

15   their respective terms, the IRC and ERISA.

16       82.    Defendants' conduct has harmed the Knight Plans by, among other things,

17   jeopardizing their qualification under the IRC, and has further caused actual harm to

18   Plaintiff and Class members in an amount to be proven at trial.

19       83.    29 U.S.C. § 1132(g)(1) [ERISA § 502(g)(1)] entitles plaintiffs who prevail

20   in obtaining any of the benefits for which the plaintiffs brought suit to an award of

21   reasonable attorneys' fees and costs of action under the remedial purposes and policies

22   of ERISA. As a result of the actions and failings of Defendants, and each of them,

23   Plaintiff and the Class members know themselves and the Knight Plans to have suffered

24   harm and have therefore retained the services of legal counsel and have necessarily

25   incurred attorneys' fees and costs in prosecuting this action. Furthermore, Plaintiff and

26   the Class members anticipate incurring additional attorneys' fees and costs in

27   prosecuting this action, all in an amount which is currently unknown. Plaintiff and the

28   Class members therefore request an award of attorneys' fees and costs in an amount to

1    be determined pursuant to 29 U.S.C. § 1132(g)(1).

2

3                        **FIFTH CAUSE OF ACTION**

4    **CLAIM TO ENJOIN ACTS OR PRACTICES IN VIOLATION OF ERISA**

5    **AND FOR OTHER APPROPRIATE RELIEF UNDER ERISA §502(a)(3)**

6    **Against Knight, the Administrative Committee of the Knight Transporation,**

7    **Inc. 401(k) Plan, and the Administrative Committee of the Knight**

8    **Transportation, Inc. Cafeteria Plan**

9        84.    Plaintiff, and the other members of the Class, reallege and incorporate by

10   this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

11       85.    ERISA Section 502(a)(3) empowers a plan participant or beneficiary to

12   bring a civil action "(A) to enjoin any act or practice which violates any provision of this

13   subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i)

14   to redress such violations or (ii) to enforce any provisions of this subchapter or the terms

15   of the plan." 29 U.S.C. §1132(a)(3).

16       86.    Relying on their mischaracterization of Plaintiff and Class members as

17   "independent contractors," Defendants have systematically excluded Plaintiff and Class

18   members from the definition of an "employee" covered by the Knight Plans and

19   eligibility to participate in the Knight Plans.

20       87.    Plaintiffs and Class Members are "employees" under ERISA and the

21   Class represents a significant percentage of KTI's workforce that Defendants had to

22   cover under the terms of the Knight Plans to comply with 26 U.S.C. §410(b) and

23   §105(h), including the minimum coverage requirements.

24       88.    By excluding Plaintiff and Class Members from the definition of an

25   "employee" covered by the Knight Plans, Defendants have, upon and information and

26   belief, violated 26 U.S.C. §410(b) and §105(h), including the minimum coverage

27   requirements.  Indeed, upon information and belief, the Class represents at least 25% of

28   KTI's workforce.

00334635.WPD

89.     Defendants Knight, the Administrative Committee of theKnight Transportation, Inc. 401(k) Plan, and the Administrative Committee of the Knight Transportation, Inc. Cafeteria Plan misclassification of Truck Drivers as independent contractors, as well as their refusal to implement the Knight Plans in compliance with ERISA and 26 U.S.C. §410(b) and §105(h), including the minimum coverage requirements, was unlawful and a breach of their fiduciary duties to administer the Knight Plans in accordance with ERISA. *See* 29 U.S.C. §1104(a)(1)(D)("a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and...in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter.").

90.     Plaintiff and Class members are entitled to equitable relief under ERISA §502(a)(3), including reforming the Knight Plans to include Plaintiff and the Class and to comply with ERISA and 26 U.S.C. §410(b) and §105(h), including the minimum coverage requirements, and requiring Defendants to pay restitution in the form of a surcharge or otherwise credit Plaintiff and Class Members for all ERISA benefits to which they are retroactively entitled under the Knight Plans in order to be made whole and to prevent Defendants' unjust enrichment.

91.     Defendants' conduct has harmed the Knight Plans by, among other things, jeopardizing their qualification under the IRC, and has further caused actual harm to Plaintiff and Class Members in an amount to be proven at trial.

92.     29 U.S.C. § 1132(g)(1) [ERISA § 502(g)(1)] entitles plaintiffs who prevail in obtaining any of the benefits for which the plaintiffs brought suit to an award of reasonable attorneys' fees and costs of action under the remedial purposes and policies of ERISA. As a result of the actions and failings of Defendants, and each of them, Plaintiff and the Class members know themselves and the Knight Plans to have suffered harm and have therefore retained the services of legal counsel and have necessarily incurred attorneys' fees and costs in prosecuting this action. Furthermore, Plaintiff and

00034635.WPD

the Class members anticipate incurring additional attorneys' fees and costs in prosecuting this action, all in an amount which is currently unknown. Plaintiff and the Class members therefore request an award of attorneys' fees and costs in an amount to be determined pursuant to 29 U.S.C. § 1132(g)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually, and on behalf of all others similarly situated, demands judgment against the Defendants and relief from this Court as follows:

A.  An order certifying the Class as described with the named Plaintiff as Class Representative(s) and appointing undersigned counsel as Lead Counsel for the Class;

B.  A declaration that Plaintiff and Class members are legal "employees", for all purposes, including, but not limited to, ERISA;

C.  A declaration that because Defendants excluded Plaintiff and the Class from participating in the Knight Plans, the Knight Plans are not in compliance with ERISA and 26 U.S.C. §410(b) and §105(h), including the minimum coverage requirements;

D.  A declaration as to which of the Defendants are fiduciaries or co-fiduciaries of the Knight Plans within the meaning of ERISA;

E.  A declaration that with respect to any Defendants who are not expressly designated as fiduciaries under the operative documents of the Knight Plans, a determination as to their fiduciary status, having acted in a fiduciary capacity under ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), and in so doing are required to comply with ERISA's fiduciary standards;

F.  A declaration that Defendants who are fiduciaries or co-fiduciaries of the Knight Plans within the meaning of ERISA have breached their fiduciary

00334635.WPD

1    duties and violated federal law under the requirements of ERISA,

2    thereby giving rise to direct personal liability;

3    G.    A declaration that Defendants who have breached their fiduciary duties

4    under ERISA have created individual corporate or personal liabilities;

5    H.    Payment to Plaintiff and the Class of all amounts due under the Knight

6    Plans had the plans complied with ERISA;

7    I.    An order reforming the Knight Plans to include Plaintiff and the Class

8    and to comply with ERISA and 26 U.S.C. §410 (b) and §105(h),

9    including the minimum coverage requirements, and requiring

10    Defendants to pay restitution in the form of a surcharge or otherwise

11    credit Plaintiff and Class members for all ERISA benefits to which they

12    are retroactively entitled under the Knight Plans in order to be made

13    whole and to prevent Defendants' unjust enrichment;

14    J.    An injunction barring Defendants from continuing to misclassify the

15    Class as "independent contractors" and to classify them as "employees";

16    K.    Removal of all fiduciaries of the Knight Plans found to have breached

17    their fiduciary duties under ERISA, and for the appointment of successor

18    fiduciaries pursuant to Plaintiff's selection and the court's approval;

19    L.    A permanent injunction enjoining the ERISA fiduciary-Defendants from

20    serving as ERISA fiduciaries in the future;

21    M.    An award of attorneys' fees, plus the costs and expenses of this action;

22    N.    Pre- and post-judgment interest, as afforded by law; and

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

O.   All such other legal and equitable relief to which Plaintiff and the Class are entitled.

Dated:   November 17, 2017          BLUMENTHAL, NORDREHAUG & BHOWMIK LLP


By:   /s/ *Norman Blumenthal*
         Norman Blumenthal
         Attorneys for Plaintiff

00334635.WPD